UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Peterson, et al.,
for and on behalf of themselves
and other persons similarly
situated,

        Plaintiffs,

v.                                                                MEMORANDUM OPINION
                                                                  AND ORDER
                                                                  Civil No. 07-2502

Seagate US LLC, Seagate Technology,
et al.,

        Defendants.
_____

        Beth E. Bertelson and Andrea R. Ostapowich, Bertelson Law Offices, P.A., and Dorene R. Sarnoski, Dorene R. Sarnoski Law Office Law Office for and on behalf of Plaintiffs.

        Marko J. Mrkonich, Kathryn Mrkonich Wilson and Susan K. Fitzke, Littler Mendelson for and on behalf of Defendants.

_____

        This matter is before the Court upon Defendants' (hereinafter collectively referred to as "Seagate) motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Background

        This is a putative class action involving claims of age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621

et seq.  The class also seeks declaratory relief relating to the enforceability of a purported release and waiver that was signed by many of the plaintiffs upon the termination of their employment with Seagate.

Plaintiffs allege that James Peterson and David Olson both timely filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department of Human Rights ("MDHR").  Complaint ¶ 6.  By way of these charges, Seagate, the EEOC and the MDHR were placed on notice that the claims were filed on behalf of all persons similarly situated, and that other terminated employees over the age of forty, who did not file charges within 300 days, were "piggybacking" on the charges filed by Olson and Peterson.  Id.

In the Complaint, it is alleged that the named plaintiffs were over the age of forty when their employment with Seagate terminated in 2004, and that they were terminated pursuant to a corporate pattern or practice by Seagate to terminate employees on the basis of age.  Complaint ¶¶ 7 and 11.  In support, plaintiffs point out that by the time Seagate concluded its firings in 2004, over half of the employees who lost their jobs were over the age of forty.  Id. ¶ 15.

Plaintiffs further allege that at the time of their termination, they received a package of materials including a Special Separation Agreement and General Release of claims which purport to release all claims against Seagate, including

age discrimination claims under the ADEA.  Id. ¶ 16.  Seagate Human Resources asked the employees to sign the releases immediately without allowing them the opportunity to consult with an attorney.  Id. ¶ 17.  Human Resources personnel then stood at the door of the facility to collect the signed releases as the terminated employees were leaving.  Id.

Plaintiffs allege the releases did not comply with the minimum requirements of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f).  Specifically, the releases did not comply with OWBPA because they misrepresented the number of employees selected for termination, omitted employees from the list of employees selected for termination, were not written in a manner calculated to be understood by the average individual eligible to participate, and did not disclose the selection criteria/eligibility factors used to select the individuals chosen for termination.   Id. ¶ 18.

Plaintiffs further allege that the releases violated OWBPA because they required them to waive their rights to file charges with the EEOC.  Id. ¶ 19.

Standard

For the purposes of Seagate's motion to dismiss, the Court takes all facts alleged in the Complaint as true.  Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiffs.  Morton

v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court applies those standards in the following discussion.

Analysis

Nineteen of the twenty-one named plaintiffs[1] signed releases and Seagate now moves to dismiss the claims of those plaintiffs who signed the releases. Seagate asserts that dismissal is appropriate as the releases comply with the minimum requirements of the OWBPA.

OWBPA was enacted to protect the rights and benefits of older workers. Oubre v. Entergy Operations, Inc., 522 U.S. 422, 427 (1998). The Supreme Court has interpreted OWBPA as providing for a "strict, unqualified statutory stricture on waivers" and found that it incorporates no exceptions or qualifications. Id. Thus, to comply with OWBPA, a waiver must comply with each prerequisite. Thomforde v. International Business Machines Corp., 406 F.3d 500, 503 (8th Cir. 2005). Substantial compliance is not adequate." Hartger v. International Business Machines, Corp., 2005 WL 2095774 at *2, No. 04-2124 (N.D. Tex. Aug. 31, 2005).

Pursuant to OWBPA, an individual cannot waive any right or claim under the ADEA unless the waiver is knowing and voluntary. A waiver is not considered "knowing and voluntary" unless, at a minimum, the waivers satisfies a number of requirements. For example, the waiver must be written in a manner calculated to

---

[1] James Peterson and David Olson are the plaintiffs that did not sign the releases.

be understood by the individual, it should refer to rights or claims arising under the ADEA, it cannot waive rights or claims that may arise in the future, the waiver is in exchange for consideration in addition to anything of value to which the individual is already entitled, the individual is advised in writing to consult with an attorney, the individual is provided at least 21 days to consider the agreement - 45 if offered in an RIF, a seven day period to revoke, if offered in connection with an RIF the individual is informed of eligibility as to class, unit, and time limits and the job titles and ages of all individuals eligible or selected for the program and the job titles and ages of those not selected for the program.  29 U.S.C. § 626(f).  It is Seagate's position that the releases provided to and executed by the nineteen named plaintiffs meet this minimum requirements.

Plaintiffs have alleged that the waivers are invalid because they do not comply with the prerequisites of OWBPA in many respects.  Complaint ¶ 18.  To illustrate, Plaintiffs allege that the releases materially misrepresent the number of terminated employees, do not disclose the ages and job titles of all Normandale terminated employees, materially misrepresents the number of Normandale employees age 40 and older that were terminated, fails to disclose full job titles and eligibility factors, prohibits individuals from filing charges of discrimination with the EEOC, fails to identify the proper decisional unit, and pressures individuals to sign the releases immediately. Id. ¶¶ 18-20.

Plaintiffs further assert that Seagate failed to disclose eligibility factors. The parties dispute what eligibility factors need be disclosed for. Seagate asserts it need only disclose eligibility factors for its severance program, while plaintiffs assert eligibility factors need to be provided for the RIF as well. Pagliolo v. Guidant Corp., 483 F. Supp.2d 847 (D. Minn. 2007)(noting this issue not particularly clear in case law).

Plaintiffs further assert the releases are invalid as they required the signers to waive their rights to file charges with the EEOC. The law is clear that such provisions render a release invalid. 29 C.F.R. § 1625.23. See also, EEOC v. Lockheed Martin Corp., 444 F. Supp. 2d 414, 421-22 (D. Md. 2006).

Plaintiffs also assert that the releases are invalid as they do not identify the decisional unit - which is defined as

> that portion of the employer's organizational structure from which the employer chose the persons who would be offered consideration for the signing of the waiver and those who would not be offered consideration for the signing of the waiver. The term "decisional unit" has been developed to reflect the process by which an employer chose certain employees for a program and ruled out others from that program.

29 C.F.R. § 1625.22(f)(3)(i)(B).

It is plaintiffs' position that the decisional unit at issue in this case is both the Normandale and Shakopee facilities, yet Normandale employees were not given information about Shakopee and visa versa. Failure to provide this information prevented plaintiffs from properly evaluating the information and

making an informed decision.

Seagate responds that its releases did comply with OWBPA, and that plaintiffs are imposing a hyper-technical statutory application when interpreting the releases.  With respect to the allegations that plaintiffs felt pressured to sign the releases immediately, Seagate points out that the written agreement clearly provides that have 45 days within which to decide to sign, and that the written agreement can only be modified in writing.  See Cole v. Gaming Entertainment, LLC, 199 F. Supp.2d 208, 213 (D. Del. 2002) (release invalid as verbal communication that employee had one day to sign, even though written agreement provided for requisite 21 days, was insufficient under OWBPA).  Seagate further argues that assertions the employees felt pressured to sign is nothing more than the reality that eligibility for separation benefits was lawfully conditioned on signing the release.

Construing the facts as alleged in plaintiffs' Complaint as true, the Court finds that plaintiffs have stated a claim upon which relief can be granted with respect to Count IV.  The Complaint contains sufficient allegations that the releases at issue are not valid under OWPBA and that plaintiffs signed the releases under duress.

With respect to the claims for age discrimination, Seagate asserts that dismissal of all named plaintiffs, except for Peterson and Olson, is warranted

because those plaintiffs did not file a timely charge with the EEOC.  Typically, a plaintiff must exhaust administrative remedies prior to bringing an ADEA claim in federal court.  Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005).  Seagate asserts that in Count III of the Complaint, plaintiffs seek individual (as opposed to collective) relief.  As nineteen named plaintiffs did not file an administrative charge with the EEOC, they cannot seek individual relief and cannot piggyback on Peterson's and Olson's claims.  In support, Seagate cites the Court to the Eighth Circuit Court of Appeals decision in Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986).  Kloos holds that if a plaintiff has filed an administrative charge, and includes allegations of class-wide discrimination, then each class member would not need to have filed an administrative charge.  Seagate construes Kloos for the proposition that the class-wide allegations must also notify the employer that the class members will also seek individual relief.  This Court finds that Kloos lends no support to Seagate's argument.

The Peterson and Olson charges made reference to the July 2004 terminations, that Seagate retained younger, less qualified individuals for ongoing projects, and that Peterson and Olson were bringing charges on behalf of themselves and others similarly situated.  In this case, similarly situated persons would be those individual affected by the 2004 terminations.  Accordingly, the Court finds that the Peterson and Olson charges were sufficient to put Seagate on

notice of the class claims of age discrimination asserted in the Complaint.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Doc. No. 3] is DENIED.

Date: November 20, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court

Civil No. 07-2502