UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Peterson, et al.,
for and on behalf of themselves
and other persons similarly
situated,

       Plaintiffs,

v.                              MEMORANDUM OPINION
                                  AND ORDER
                                Civil No. 07-2502

Seagate US LLC, Seagate Technology,
et al.,

       Defendants.
_____

     Beth E. Bertelson and Andrea R. Ostapowich, Bertelson Law Offices, P.A., and Dorene R. Sarnoski, Dorene R. Sarnoski Law Office Law Office for and on behalf of Plaintiffs.

     Marko J. Mrkonich, Kathryn Mrkonich Wilson and Susan K. Fitzke, Littler Mendelson for and on behalf of Defendants.
_____

     This matter is before the Court upon Defendants' motion for an order to certify the November 20, 2007 Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b).

1

Background

This is a putative class action involving claims of age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  The class also seeks declaratory relief relating to the enforceability of a purported release and waiver that was signed by many of the plaintiffs upon the termination of their employment with Seagate.

In the November 20, 2007 Order referenced above, this Court denied Defendants' motion to dismiss the claims of those named plaintiffs that signed a release and waiver.  This Court also denied Defendants' request to file a motion for reconsideration, as Defendants had failed to identify any manifest error of law or fact in the November 20, 2007 Order.

Defendants now move for an order certifying the November 20, 2007 Order for interlocutory appeal.  Defendants assert they seek certification on two grounds: 1) whether nineteen plaintiffs who failed to file an EEOC charge properly exhausted their administrative remedies with respect to their age discrimination claims; and 2) whether the SIRP Release that plaintiff Paul Calcagno signed in connection with Defendants' 2004 voluntary early retirement program is valid and enforceable.  Defendants assert there are substantial

grounds for a difference of opinion on these legal issues, that if the Eighth Circuit decided differently would dramatically impact the nature and scope of this litigation.

Standard

A district court judge may certify an action for interlocutory appeal under the following circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  Certification under § 1292(b) should only be used in exceptional cases "where a decision on appeal may avoid protracted and expensive litigation." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

Analysis

With respect to the first question - whether the nineteen plaintiffs who

3

signed releases failed to exhaust their administrative remedies - Defendants concede that plaintiffs in a collective action may piggyback on charges filed by other class members, as long as the claims asserted are within the scope of the underlying administrative charge.  In this case, however, Defendants assert that the administrative charges upon which the above-referenced plaintiffs seek to piggyback do not mention a release agreement, and this Court's Order failed to address this fact.

Defendants assert that this is an issue of first impression in this circuit, and that there are substantial grounds to conclude that the Eighth Circuit will find that the claims of the nineteen plaintiffs who signed releases fall outside the scope of the administrative charges filed by plaintiffs Peterson and Olson.

In support of its position, Defendants cite to a number of Eighth Circuit opinions that address the question of exhaustion of administrative remedies. These cases consistently hold, however, that all plaintiffs need not file a separate administrative charge, as long as the charge filed "allege[s] class-wide age discrimination or claim to represent a class in order to serve as the basis for an ADEA class action under section 216(b)." Kloos v. Carter-Day Co.,, 799 F.2d 397, 400 (8th Cir. 1986).  See also, Ulvin v. Northwestern Nat'l Life Ins., 943 F.2d 862,

865 (8th Cir. 1991) (adopting single file rule, and further noting that there must be some limit to the claims an opt-in party can assert in order to serve the purposes of the EEOC administrative filing requirements of providing an informal conciliation process and to put the employer on notice of the claims being asserted); Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) (a plaintiff may only seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge).

     Given the consistent basis upon which the Eighth Circuit has addressed the exhaustion question, it is clear that Defendants are simply challenging this Court's application of settled law on the particular facts of this case. This is not a basis for interlocutory appeal, however. See White, 43 F.3d at 378 (substantial grounds for a difference of opinion exists where the court identifies a sufficient number of conflicting and contradictory opinions.)

     With respect to the second question that Defendants seek to certify - the validity and enforceability of the SIRP Release signed by plaintiff Paul Calcagno - Defendants have again failed to demonstrate that the Court's denial of Defendants' motion to dismiss plaintiff Calcagno's claims involved a controlling issue of law, as to which there is substantial grounds for a difference of opinion.

The November 20, 2007 Order addressed Defendants' motion to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure.  Defendants' motion was denied because the Court found, after taking the allegations in the Complaint as true, and construing those facts and reasonable inferences in favor of plaintiffs, that "The Complaint contains sufficient allegations that the releases at issue are not valid under OWPBA and that plaintiffs signed the releases under duress."  Although the invalidity of the releases was raised in conjunction with this motion, the Court's holding was not based on the resolution of that issue.

Defendants further assert that this Court should have analyzed plaintiff Calcagno's SIRP Release separately.  On a motion to dismiss pursuant to Rule 12 (b)(6), however, the Court is concerned only with the sufficiency of the allegations, and the Court determined that like the other plaintiffs that signed releases, plaintiff Calcagno sufficiently alleged he signed the SIRP release under duress.

Defendants have also failed to demonstrate substantial grounds for a difference of opinion warranting interlocutory relief on this issue.  First, Defendants incorrectly state that the Release signed by Calcagno did not include a waiver of his right to file a charge with the EEOC.  The Release specifically

states "I promise never to seek any damages, remedies, or relief for myself personally (any right to which I hereby waive) by filing or prosecuting **a charge with any administrative agency . . .**" (Doc. No. 6, Ex. 2, p. 2) (emphasis added). As the EEOC is an administrative agency, clearly this provision can be interpreted as prohibiting the filing of an EEOC charge.

Second, Defendants argue there is no clear authority for the proposition that the inclusion of an EEOC charge-filing ban in a release agreement renders the entire release void. Defendants cite to the decision of <u>Wastak v. Lehigh Valley Health Network</u>, 342 F.3d 281, 290 (3rd Cir. 2003) for the proposition that inclusion of a prohibition on filing an EEOC charge in a settlement agreement does not void the entire agreement. As Plaintiffs point out, however, the decision itself confirms it is not applicable to the issue raised herein.

> We reiterate that this is not a case in which the employer clearly prohibited resort to administrative process, or in which the employee either understood that he was not permitted to file an EEOC charge, or did not do so based on the waiver. To the contrary, the plaintiff here seeks to void a waiver agreement because it contained the word "charge" in the prohibition section, notwithstanding the fact that he in fact pursued an administrative charge and does not contend that he was actually misled or disadvantaged by the language in any way. Wastak came before the district court desirous of proceeding in court, something he clearly agreed not to do. The only issue before us is whether, given the statutory provisions at issue and the facts before us, we would permit him to avoid

> the agreement he entered into.
>
> We note, however, that a regulation that became effective after the incident before us clearly precludes the inclusion of provisions that prohibit resort to administrative process. See 29 C.F.R. § 1625.22(i)(2) ("No waiver agreement may include any provision prohibiting any individual from ... [f]iling a charge or complaint, including a challenge to the validity of the waiver agreement, with [the] EEOC."). **The presence of such a prohibition in a waiver agreement that is subject to this regulation could certainly lead a court to find, under proper circumstances, that the waiver "ha[d] the effect of misleading, misinforming, or failing to inform" the plaintiff, 29 C.F.R. § 1625.22(b)(4), thus rendering the waiver not "knowing and voluntary," and, therefore, invalid. But, again, that is not this case.**

Wastak, 342 F.3d at 293, n. 6 (emphasis added).

In another case cited by Defendants, EEOC v. Sundance Rehabilitation Corp., 466 F.3d 490 (6th Cir. 2006) the Sixth Circuit acknowledged with approval the rule adopted by the Fifth Circuit that waivers of the right to file a charge with the EEOC were void as against public policy. Id., at 499. In discussing the Fifth Circuit case in which this rule arose, the Sundance court noted that the Fifth Circuit had determined that a plaintiff could waive her own right to recover in a lawsuit, and that a waiver to file a lawsuit was not invalid because it was conjoined with a void waiver of the right to file an EEOC charge. Id. at 498-99. The Sixth Circuit did not, however, adopt this particular aspect of the case cited,

nor did it need to as the enforceability of the separation agreement was not at issue. Id. at 500. Rather, the court was asked to determine whether the offer of the separation agreement itself was retaliatory. Id.

Finally, Defendants criticize the Court's reliance on EEOC v. Lockheed Martin, 444 F. Supp.2d 414 (D. Md. 2006) for its finding that prohibitions against filing an EEOC charge render a release invalid. Defendants assert that Lockheed in fact supports its position that inclusion of such a prohibition does not necessarily render the entire release invalid. At issue in Lockheed was whether language in a release agreement was facially retaliatory, **not** whether a prohibition to file an EEOC charge renders a separation agreement invalid. Id., at 418. In fact, the court explicitly stated that it "does not and need not decide whether Lockheed's release, to the extent it attempts to waive rights to monetary relief, complies with the requirements of all relevant laws and is enforceable." Id. n. 8.

As Defendants have failed to demonstrate that the requirements of Section 1292(b) have been met with respect to the two questions it seeks to certify, the motion must be denied.

IT IS HEREBY ORDERED that Defendants' Motion to Certify for Interlocutory Appeal the November 20, 2007 Order [Doc. No. 66] is DENIED.

Dated: February 14, 2008

                                                s / Michael J. Davis
                                                Michael J. Davis
                                                United States District Court

Civil No. 07-2502